UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------ x
:
THE AMERICAN AUTOMOBILE             :
ASSOCIATION, INC.,                          :       11 Civ. _____
:
            Plaintiff,        :       CV 11-5655
:
      v.                      :       COMPLAINT
:
C&R AUTOMOTIVE, INC. d/b/a AAA-1 TOWING   :
and MICHAEL SCHMELTZER, an individual,    :
:       ECF CASE
            Defendants.       :
:       SUMMONS ISSUED
------------------------------------------ x

Plaintiff The American Automobile Association, Inc. ("AAA") brings this

Complaint for injunctive relief, monetary damages, and other relief against C&R Automotive,

Inc. d/b/a AAA-1 Towing ("AAA-1 Towing") and Michael Schmeltzer (collectively,

"Defendants").  AAA alleges as follows:

## NATURE OF ACTION

1.       This is an action for trademark infringement, false designation of origin,

and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the

"Lanham Act"), 15 U.S.C. §§ 1114, 1125(a), and New York common law; for trademark dilution

in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) and New York state law,

New York General Business Law § 360(l); for deceptive trade practices in violation of the New

York Consumer Protection Act, New York General Business Law § 349; and for breach of

contract under a theory of promissory estoppel in violation of New York common law.  AAA

seeks injunctive relief, monetary damages, restitution, and all appropriate relief, including an

order enjoining Defendants from using AAA's trademarks or any other confusingly similar

marks in their business name AAA-1 Towing.

2.     This action arises out of Defendants' knowing and willful violation of AAA's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Defendants have used and continue to use the AAA Marks in commerce without authorization and with full knowledge that they are not authorized to use those Marks (the "Infringing Uses"). Specifically, Defendants are operating an automobile towing business in New York under the name "AAA-1 Towing" and are using the AAA Marks to advertise the business.

3.     On information and belief, Defendants' unlawful use of the AAA Marks is likely to cause—and in fact has already caused—consumers to believe, erroneously, that AAA has endorsed Defendants' services, jeopardizing the goodwill associated with AAA's Marks, confusing those consumers seeking the reliable and dependable services of AAA, and unjustly enriching Defendants.

4.     On information and belief, Defendants' unlawful acts have lessened the capacity of AAA's famous AAA Marks to identify and distinguish the products and services AAA provides under those Marks and thus diluted the distinctive quality of the Marks. Furthermore, Defendants' use of the famous and distinctive AAA Marks has tarnished and harmed the goodwill and reputation of the AAA Marks.

5.     In addition, on information and belief, Defendants have profited from their unauthorized use of the AAA Marks and have made unauthorized commercial use of the AAA Marks in New York and elsewhere to their benefit and to the detriment of AAA and of consumers, in violation of the laws identified above.

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction under 15 U.S.C. §§ 1121 and 1125 and under 28 U.S.C. §§ 1331 and 1338 in that this case arises under the trademark laws of

the United States, 15 U.S.C. § 1051, *et seq*. The Court has jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367(a).

7.      Venue is proper under 28 U.S.C. §§ 1391(b) and (c). On information and belief, a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York. Specifically, Defendants' business is based in this District, and it has directed its unauthorized use of the AAA Marks in association with that business at consumers residing in this District. Moreover, on information and belief, Defendants are subject to personal jurisdiction within New York and the Eastern District of New York because they have conducted business in, and/or reside in, this District.

## PARTIES

8.      Plaintiff AAA is a not-for-profit, non-stock corporation organized and existing under the laws of Connecticut, with its principal place of business in Heathrow, Florida. AAA provides its more than 50 million members with a wide variety of products and services throughout the United States and Canada, including in New York. AAA's services include travel and automobile products and services, including towing services, financial advice, insurance and warranty coverage, and discounts. AAA provides its products and services through the many local AAA member clubs that it endorses.

9.      On information and belief, Defendant C&R Automotive d/b/a AAA-1 Towing ("AAA-1 Towing") maintains its principal executive office in this District at 112 Duffy Avenue, Hicksville, New York, 11801 and has a business location at 34 Charlotte Avenue, Hicksville, New York, 11801.

10.      On information and belief, Defendant Michael Schmeltzer is the Chairman or Chief Executive Officer of AAA-1 Towing.

## FACTS ENTITLING PLAINTIFF TO RELIEF

**A.     AAA's Widespread and Substantial Trademark Use**

11.     Since its founding over a century ago, AAA has enjoyed a reputation as one of the world's premier client service organizations. That reputation is largely based upon the quality and reliability of the many products and services it offers through its AAA local clubs.

12.     Although its original focus was on combating unfair automobile laws and campaigning for better roads and more reliable vehicles, AAA quickly expanded its charter. It established itself almost immediately as an advocate for travel safety and road improvement. Shortly thereafter, it also became associated with reliable travel-related information. Today AAA offers a broad range of products and services, including, but also going beyond, automotive services, including towing services.

13.     AAA has invested significant resources to develop and foster the reputation, recognition, and goodwill associated with its products and services. AAA's efforts include extensive advertising campaigns and promotional efforts along with retaining that goodwill by maintaining AAA's commitment to quality and reliability.

14.     AAA has used the AAA Marks and logo designs in interstate commerce to identify a wide range of products and services for decades. Only those businesses that are part of AAA's network of approved service providers are authorized to use or display the AAA Marks. Consequently, AAA members and the public know that local businesses displaying the AAA Marks are selected only if they maintain excellent reputations for quality, integrity, reliability, and service.

15.     AAA has been selective in permitting businesses and organizations to use the AAA Marks in connection with their products and services, including on the Internet. Businesses and organizations that AAA has permitted to use the AAA Marks (including the

4

AAA local clubs) are selected and permitted to do so if, and only if, they maintain an excellent reputation for quality, integrity, reliability, and service.

16.     As a result of AAA's history and experience providing high quality products and services through the AAA local clubs, and as a result of the continuous and extensive advertising, promotion, and sales of products and services under the AAA Marks, those trademarks have acquired substantial value and fame in the United States and throughout the World.

17.     Further, the AAA Marks are widely recognized by consumers in this country and abroad and have acquired enormous goodwill as trademarks identifying high quality and reliable products and services.  Indeed, the AAA Marks are distinctive such that consumers recognize that goods and services marketed under the AAA Marks originate with, or are approved or endorsed by, AAA and the AAA local clubs.

18.     AAA has registered with the United States Patent and Trademark Office more than 70 of its AAA Marks, which AAA has used since at least 1902 in connection with the broad array of products and services offered to its members.  The federal registrations Defendants are infringing are:

A.     Reg. No. 829,265 for the AAA Mark, used by AAA since 1902 in connection with automobile association services rendered to motor vehicle owners, motorists, and travelers, including emergency road services (e.g., towing), among others;

B.     Reg. No. 2,158,654 for the AAA Mark & Design, used by AAA in connection with a variety of automobile related goods and services, including emergency road services (e.g., towing), among others.

Copies of the registration certificates for the above marks are available via the United States Patent and Trademark Office website: <http://www.uspto.gov>.

19.     Pursuant to 15 U.S.C. § 1057(b), the registration certificates for the AAA trademarks, including the marks identified in paragraph 18, constitute *prima facie* evidence of the validity of those registrations, of AAA's ownership of the trademarks set forth therein, and of AAA's exclusive right to use those trademarks in commerce and in connection with the products and services specified in the registration certificates. Pursuant to 15 U.S.C. § 1065, AAA's right to use certain of the AAA Marks identified above has become legally incontestable.

**B.     Defendants' Unlawful Use of Plaintiff's AAA Marks**

20.     AAA has never authorized Defendants to use the AAA Marks.

21.     On information and belief, Defendants have knowingly and willfully violated AAA's rights in its famous and distinctive AAA Marks by continuing to make unauthorized use of the Marks in the business name AAA-1 Towing.

22.     In or around November 2010, AAA observed that Defendants' tow truck advertised the name "AAA-1" on the passenger side door. Further investigation confirmed that Defendants' business was operating under the business name "AAA-1 Towing."

23.     On information and belief, in late November 2010, a member of a AAA club in New York sought Defendants' services after Defendants misrepresented themselves as affiliated with AAA.

24.     On November 17, 2010, AAA sent Defendants a letter, informing them that their unauthorized use of the AAA Marks in the business name "AAA-1 Towing" violates the Lanham Act as well as state statutes and the common law. AAA demanded that Defendants cease all use of the AAA Marks. Attached as Exhibit 1 is a true and correct copy of that letter.

6

25. After Defendants failed to comply with AAA's requests made in the initial letter, AAA sent another letter on December 3, 2010, reiterating its request that Defendants cease use of the AAA Marks. Attached as Exhibit 2 is a true and correct copy of that letter.

26. Defendant AAA-1 Towing, represented by counsel, responded to AAA by letter on December 13, 2010. Defendant AAA-1 Towing denied that its use of "AAA" infringed AAA's trademarks, but sought to discuss the matter further with AAA. In the same letter, Defendants admitted that C&R Automotive, Inc. operates the towing business AAA-1 Towing. Attached as Exhibit 3 is a true and correct copy of Defendants' December 13, 2010 letter.

27. AAA contacted Defendants multiple times in January 2011, each time informing Defendants that their unauthorized use of the AAA Marks in the business name "AAA-1 Towing" violates the Lanham Act as well as state statutes and the common law.

28. On January 21, Defendants spoke with AAA and informed it that Defendants would consider changing the AAA-1 Towing business name.

29. In response, on January 28, AAA spoke with Defendants and suggested alternative business names that would be acceptable to AAA, but again demanded that Defendants cease all use of the AAA Marks.

30. Defendants did not respond to either AAA's naming suggestions or its demand that Defendants cease all use of the AAA Marks, and they ignored AAA's subsequent inquiries regarding this matter.

31. On March 4, AAA sent Defendants another letter that noted Defendants' failure to respond and stated that AAA would take action to enforce its rights should Defendants fail to take immediate action. Attached as Exhibit 4 is a true and correct copy of AAA's letter.

32.     That same day, Defendants responded to AAA's letter, clearly and unambiguously promising AAA that the AAA-1 Towing name would change to AAAA-1 Towing. Attached as Exhibit 5 is a true and correct copy of Defendants' response.

33.     AAA agreed to the name change and gave Defendants until July 1, 2011 to discontinue use of the business name "AAA-1 Towing" in full and change its name to AAAA-1 Towing. Attached as Exhibit 5 is a true and correct copy of AAA's response.

34.     On June 9, less than one month before Defendants were to have completed the name change, Defendants clearly and unambiguously promised AAA that they were almost finished with the name change, but that they needed a new deadline of September 1. Attached as Exhibit 5 is a true and correct copy of Defendants' e-mail.

35.     AAA agreed to this new deadline on the condition that Defendants provide evidence of its efforts to complete the name change. Attached as Exhibit 5 is a true and correct copy of AAA's June 10 response.

36.     Defendants did not respond to AAA's conditional agreement with any evidence.

37.     Based on Defendants' promises to change the name of the business and AAA's strong desire to resolve this matter amicably, AAA patiently adhered to Defendants' self-imposed September 1 deadline.

38.     Having received no response by the September 1 deadline, on September 12, AAA called the phone number associated with Defendants' business and discovered that Defendants continued to refer to the business as "AAA-1 Towing" (pronounced "Triple A One Towing"). Upon hearing this business name, AAA asked the representative to confirm that the business name was AAA-1 Towing, and the representative responded, "Yes."

8

39.     That same day, AAA sent a notice to Defendants informing them it was aware Defendants were continuing to operate under the AAA-1 Towing business name and requesting proof of completion of the business-name change from AAA-1 Towing to AAAA-1 Towing.  Attached as Exhibit 5 is a true and correct copy of AAA's September 12 e-mail.

40.     Defendants failed to respond to AAA's September 12 e-mail until October 26, when they indicated that all their tow trucks had been repainted with the new AAAA-1 Towing business name and that they would soon provide evidence, photographic or otherwise, of the name change.  Attached as Exhibit 5 is a true and correct copy of Defendants e-mail.

41.     Nevertheless, on November 1, AAA once again called the phone number associated with Defendants' business and discovered that Defendants were still referring to the business as "AAA-1 Towing."  Again, upon hearing this business name, AAA asked the representative to confirm that the business name was AAA-1 Towing, and the representative responded, "Yes."

42.     Defendants have never provided any evidence of a name change, much less a complete name change.

43.     In reliance on Defendants' numerous clear and unambiguous promises to cease their unauthorized use of the AAA Marks, AAA agreed to forego immediate action to enforce its rights.

44.     On information and belief, at the time Defendants' Infringing Uses began and at all times thereafter, they were aware, or had reason to know, of AAA's rights in the AAA Marks, which they knew were famous and valuable.

45.     On information and belief, Defendants knowingly and for profit used the AAA Marks to attract consumers, knowing that consumers would wrongly believe that such uses

were sponsored or endorsed by, or associated or affiliated with, AAA and indeed has caused confusion among consumers.

46. Further, on information and belief, Defendants' Infringing Uses have been and continue to be of commercial value to Defendants.

47. On information and belief, Defendants have placed into commerce their Infringing Uses, as described above, to trade on, and to benefit from, the popularity and goodwill of the AAA Marks and of the high quality and reliable products and services associated with and sold under those marks.

48. Defendants, despite having been notified that their continued unauthorized use of the AAA Marks constitutes actionable trademark infringement, false designation of origin, trademark dilution, and unfair competition, continue their Infringing Uses and continue to benefit from their unauthorized use.

49. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

50. Plaintiff's AAA Marks are famous and distinctive, became famous and distinctive before Defendants' Infringing Uses began, and are entitled to broad protection. Defendants' Infringing Uses lessen the capacity of Plaintiff's the Marks to identify and distinguish the products and services provided or endorsed by, or affiliated with, AAA under the Marks, and thus dilute the distinctive quality of the Marks.

51. For the foregoing reasons, Defendants' Infringing Uses have caused and likely will continue to cause injury to AAA and to the goodwill and value of its AAA Marks.

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT
## (LANHAM ACT § 32, 15 U.S.C. § 1114)

52.     AAA repeats and realleges the allegations set forth in paragraphs 1-51 above.

53.     The Infringing Uses violate Section 32 of the Lanham Act, 15 U.S.C. § 1114, because they constitute willful and deliberate use in commerce of reproductions, copies and/or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of Defendants' products and services in a manner likely to cause confusion, mistake, and deception.

54.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

55.     These violations have irreparably damaged AAA, and it has no adequate remedy at law.  Unless enjoined, Defendants will continue use of the AAA Marks, further injuring AAA and confusing the public.

56.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their use of the AAA Marks, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses for which Defendants are responsible.

## SECOND CLAIM FOR RELIEF:
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (LANHAM ACT § 43(a), 15 U.S.C. § 1125(a))

57.     AAA repeats and realleges the allegations set forth in paragraphs 1-56 above.

58.     Defendants' Infringing Uses violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants willfully and deliberately use in commerce words, terms, names,

and/or false designations of origin that likely caused confusion, mistake, and deception as to the origin, sponsorship, or approval by AAA of services promoted by Defendants.

59.    On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

60.    Defendants' violation of this statute has and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

61.    On information and belief, Defendants have received substantial revenues and substantial profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## THIRD CLAIM FOR RELIEF:
## FEDERAL TRADEMARK DILUTION
## (LANHAM ACT § 43(c), 15 U.S.C. § 1125(c))

62.    AAA repeats and realleges the allegations set forth in paragraphs 1-61 above.

63.    Defendants' Infringing Uses violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendants' uses, which commenced after Plaintiff's AAA Marks became famous, are intended to derive a commercial benefit from the value and goodwill associated with the AAA Marks and have caused dilution of the distinctive quality of the Marks.  In addition, Defendants' use of the AAA Marks is likely to cause dilution by tarnishment by harming the reputation of the famous AAA Marks.

64.    On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

65. Defendants' violation of this statute has caused and will continue to cause irreparable harm to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue the Infringing Uses, further injuring AAA and confusing the public.

### FOURTH CLAIM FOR RELIEF:
### NEW YORK TRADEMARK DILUTION
### (N.Y. GEN. BUS. LAW § 360(l) )

66. AAA repeats and realleges the allegations set forth in paragraphs 1-65 above.

67. Defendants' acts, which commenced after Plaintiff's AAA Marks became famous, violate New York General Business Law Section 360(l). Defendants' Infringing Uses create a likelihood of association with Plaintiff's famous AAA Marks because the uses are identical, or nearly identical, to Plaintiff's famous marks. Defendants' acts are likely to cause dilution by blurring by impairing the distinctive quality of Plaintiff's famous AAA Marks. In addition, Defendants' use of the AAA Marks is likely to cause dilution by tarnishment by harming the reputation of the famous AAA Marks. Specifically, Defendants' continued use of the AAA Marks in connection with their business may harm consumers' opinions of, and reliance on, AAA's Marks if the goods and services do not satisfy AAA's exacting criteria for quality and reliability.

68. On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

69. Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and confusing the public.

## FIFTH CLAIM FOR RELIEF:
## NEW YORK COMMON LAW TRADEMARK INFRINGEMENT

70.     AAA repeats and realleges the allegations set forth in paragraphs 1-69 above.

71.     Defendants' Infringing Uses constitute an infringement of AAA's common law rights in the AAA Marks because AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use of the AAA Marks in commerce is likely to cause, and may have already caused, confusion, mistake, and deception as to the origin, sponsorship, or approval by AAA of the products and services provided by Defendants.

72.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

73.     These violations have caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and confusing the public.

74.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

## SIXTH CLAIM FOR RELIEF:
## NEW YORK COMMON LAW UNFAIR COMPETITION

75.     AAA repeats and realleges the allegations set forth in paragraphs 1-74 above.

76.     Defendants' Infringing Uses constitute unfair competition because AAA is the prior user of the AAA Marks, and Defendants' willful and deliberate use in commerce of the

AAA Marks represents a misappropriation of AAA's skill, expenditures, and labor in using and promoting the Marks.

77.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

78.     These violations have caused and will continue to cause irreparable damage to AAA, for which AAA has no adequate remedy at law.  Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and confusing the public.

79.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

**SEVENTH CLAIM FOR RELIEF:**
**VIOLATION OF THE NEW YORK CONSUMER PROTECTION ACT**
**(N.Y. GEN. BUS. LAW § 349)**

80.     AAA repeats and realleges the allegations set forth in paragraphs 1-79 above.

81.     Defendants' Infringing Uses violate the New York Consumer Protection Act, New York General Business Law Section 349, because they constitute deceptive trade practices.

82.     Defendants' conduct is deceptive in violation of Section 349 because Defendants are willfully and deliberately misrepresenting to the public that their business is approved or endorsed by, or are otherwise affiliated with, AAA, when in fact it is not.  This conduct is likely to confuse, and may have already confused, the general public as to whether Defendants' business is approved or endorsed by, or are otherwise affiliated with, AAA.  As a direct and proximate result of Defendants' deceptive trade practices, members of the general

public have mistakenly believed, and will likely continue to believe, that Defendants' business is approved or endorsed by, or otherwise affiliated with, AAA.

83.     Defendants' conduct is unlawful in violation of Section 349 because it violates, among others, Sections 32, 43(a), and 43(c) of the Federal Trademark Act ("Lanham Act"), 15 U.S.C. § 1114, 1125(a) and (c), New York General Business Law Sections 360(l), and New York common law as described above.

84.     On information and belief, Defendants' unlawful conduct as set forth herein has been and continues to be willful, deliberate, and in bad faith.

85.     Defendants' violation of the statute has caused and will continue to cause irreparable damage to AAA and the public, for which AAA has no adequate remedy at law. Unless enjoined, Defendants will continue to use the AAA Marks, further injuring AAA and confusing the public.

86.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their Infringing Uses, to which Defendants are not entitled, and AAA has also suffered damages as a result of the Infringing Uses, for which Defendants are responsible.

87.     As a direct, proximate, and foreseeable result of the Defendants' wrongful conduct, as alleged above, AAA has been injured and has lost, and continues to lose, income it otherwise would have received from its customers. AAA is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of such unfair business acts or practices.

## EIGHTH CLAIM FOR RELIEF:
## BREACH OF CONTRACT: PROMISSORY ESTOPPEL

88.     AAA repeats and realleges the allegations set forth in paragraphs 1-87 above.

89.     Defendants repeatedly promised and manifested an intent to be legally obligated to AAA to cease the Infringing Uses and reasonably should have expected AAA to forego further enforcement efforts based on that promise. Defendants intended for AAA to rely on that promise.

90.     AAA had an objectively reasonable expectation that Defendants would comply with their clear and unambiguous promises to cease the Infringing Uses. AAA was reasonable in relying on those promises made to AAA by Defendants.

91.     On information and belief, Defendants' breach of their promises to AAA as set forth herein has been and continues to be willful, deliberate, and in bad faith.

92.     On information and belief, Defendants have received substantial revenues and substantial profits as a result of their breach, to which Defendants are not entitled.

93.     As a direct, proximate, and foreseeable result of Defendants' wanton and reckless breach of its promises to AAA, AAA has suffered and continues to suffer irreparable damage.

## PRAYER FOR RELIEF

Wherefore, AAA respectfully seeks the following relief:

1.     Enjoin and restrain Defendants, their agents, servants, employees, attorneys, and any and all persons in active concert or participation with any of them, from engaging in any of the following acts:

17

      (a)     Using without the authorization of AAA any of AAA's Marks, logos, and trade names, including, but not limited to, the AAA Mark & Design, the designations "AAA" or any other name, logo, or mark that includes the designations "AAA" or that is confusingly or deceptively similar to any of AAA's Marks, logos, and trade names, either alone or in conjunction with other words or symbols, as part of any trademark, service mark, logo, trade name, corporate name, assumed name, domain name, sub-domain name, website, or e-mail address, on or in relation to any goods or services sold or distributed by Defendants, or in any other manner; and

      (b)     Using the letter "A" or any multiple combination of letters "A" in any form or manner that would tend to identify or associate Defendants or its business or services with AAA, including, without limitation, in the marketing, promotion, advertising, identification, sale or distribution of goods or services, or in any other manner;

      2.     Require Defendants, pursuant to 15 U.S.C. § 1118, to destroy all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationary, software, and any other items in their possession or control which contain the infringing designation "AAA" or any term, symbol, or logo confusingly similar to "AAA," either alone or in combination with other words or symbols and to destroy all plates, molds, matrices, masters, and other means in its possession or control with which it can make any of those infringing items;

3.      Require Defendants to file with the Court and serve on AAA, within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

4.      Require Defendants to pay to AAA an amount yet to be determined to compensate AAA for all damages sustained as a result of Defendants' unlawful conduct described above, plus interest thereon, and require with respect to damages resulting from infringement or dilution of the AAA Marks or from unfair competition under the Lanham Act that such damages be trebled pursuant to 15 U.S.C. § 1117;

5.      Require Defendants to account for and pay to AAA all the profits derived by Defendants resulting from its use of the AAA Marks;

6.      Requiring Defendants to make restitution and/or disgorge to AAA of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of their unfair business acts or practices;

7.      Award AAA punitive damages;

8.      Award AAA the costs of this suit and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117 and New York law;

9.      Award prejudgment interest on all liquidated sums; and

10.     Award such other and further relief as the Court deems just and proper.

New York, New York
    November 18, 2011

COVINGTON & BURLING LLP

By:

_____
Gretchen Hoff Varner

The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1000
Facsimile: (646) 441-9176
ghoffvarner@cov.com

Neil K. Roman
Peter D. Saharko
Covington & Burling LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
nroman@cov.com
psaharko@cov.com

*Attorneys for Plaintiff*
*THE AMERICAN AUTOMOBILE*
*ASSOCIATION, INC.*